UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JUSTIN D. AGEE                                                                                                 PETITIONER

VERSUS                                           CIVIL ACTION NO. 2:24-CV-175-HSO-RPM

BURL CAIN                                                                            RESPONDENT

**REPORT AND RECOMMENDATION**

On November 15, 2024, Justin D. Agee filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Agee challenges his August 24, 2022, aggravated assault conviction following a jury trial in Jones County Circuit Court. [9-1] at 69-72. The trial court sentenced Agee to 20 years in Mississippi Department of Corrections' (MDOC) custody. *Ibid.* Appellate counsel filed a direct appeal on Agee's behalf, which was deemed untimely. Nevertheless, the Mississippi Court of Appeals considered and rejected the only claim raised on appeal: whether the trial court erred by imposing restitution to account for the victim's medical bills. [9-4] at 17-23; [9-5] at 5. The Court of Appeals held that Agee waived the restitution issue because he did not object at sentencing. [9-4] at 23. Agee did not file a petition for writ of certiorari with the Mississippi Supreme Court.

Agee filed a *pro se* motion for rehearing and sought to include additional claims of ineffective assistance of counsel. [9-4] at 7-8. The Mississippi Court of Appeals denied his request for rehearing as untimely. *Id.* at 4-5. The Mississippi Court of Appeals also denied Agee's *pro se* request for permission to file a motion for post-conviction relief (PCR) because "such petition must be filed with the Mississippi Supreme Court." *Ibid.* The record of state court proceedings reflects that Agee has not filed a PCR in state court. *See* [9].

Agee next filed the instant § 2254 petition. In essence, his petition challenges the sufficiency of the evidence. [1] at 5-8. He contends he did not commit the crime of assault. "The court didn't have no guns/weapon and the victim did not know who I was when he got on the stand." *Id.* at 5, 7. He alleges there was no evidence against him. *Id.* at 7. He also argues "due process of law, no evidence only he say she say, the lawyer knew what was going on." *Id.* at 8.

Respondent has filed a motion to dismiss and argues that Agee failed to exhaust available state remedies prior to filing his § 2254 petition. [10]. Agee has not filed a response in opposition to the motion.

## Law and Analysis

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Section 2254 provides in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that... the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c).

To exhaust, prisoners must give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate review process prior to filing in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Generally, the prisoner must present his claims before the state's highest court in a procedurally proper manner. *Id.* The

Mississippi Uniform Post-Conviction Collateral Relief Act provides an available procedure in state court.  *See* Miss. Code Ann. § 99-39-1 et seq.  This statute provides an avenue for an inmate to challenge his incarceration based upon a claim that "his conviction or sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi."  *See* Miss. Code Ann. § 99-39-5(1)(a); *see Smith v. State*, 291 So. 3d 1140, 1141 (Miss. Ct. App. 2020).

In his petition, Agee concedes that he did not raise any of the subject claims in a PCR. [1] at 2-3, 6-9.  However, Agee says he "thought" he exhausted what he calls the "due process" claim; he asserts the claim was raised on direct appeal.[1]  *Id.* at 8-9.  Specifically, with respect to the due process claim, Agee alleges there was no evidence against him; "these all family member, if the cuz shoot the other cuz, then the cuz I was dating was mad at me because I started dateng [sic] a white girl, they all lie on me, no gun, no evidence, he say she say!!"  *Ibid.*

Agee did not properly present any of his habeas grounds to the Mississippi Supreme Court on direct appeal or in a state motion for post-collateral relief.  Agee raised only a restitution claim on direct appeal to the Mississippi Court of Appeals, but he did not pursue the claim any further.  Moreover, he does not list the restitution claim as one of his federal habeas grounds.  He did not file a direct appeal challenging sufficiency of the evidence or "due process" as it related to the evidence presented at trial.  Contrary to Agee's assertion in the petition, his appellate attorney did not challenge "due process" as it relates to sufficiency of the evidence.  Furthermore, as admitted by Agee, he did not file a PCR motion at any time addressing any of his claims.  Thus, he failed to "give the state courts one full opportunity to resolve any

---

[1] With reference to exhaustion, Agee states he "did not know [he] could use the Administrative Remedy Program." [1] at 9.  Agee does not indicate he ever filed an ARP, and he admits he did not file a PCR in state court on this claim.  *Ibid.*

3

constitutional issue by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Agee contends he did not know how to exhaust, and he knew nothing about the law. Regardless, Agee's *pro se* status, ignorance of the law, and limited access to law library are not sufficient to excuse his procedural default. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992); *McIntyre v. Quarterman*, No. 3-09-cv00574-B, 2009 WL 1563516, at *3 (N.D. Tex. June 2, 2009); *Smith v. Mississippi*, No. 3:24CV139-MPM-RP, 2025 WL 2740389, at *2 (N.D. Miss. Sept. 25, 2025) ("all inmates in MDOC custody have access to legal assistance, case law, and other legal materials during their incarceration."). Accordingly, his habeas claims should be dismissed based on Agee's admitted failure to exhaust state remedies.

When a petitioner fails to exhaust claims in state court, the federal habeas court has discretion to stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust his claims. However, stays are only available in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *see Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there [is] good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines,* 544 U.S. at 277. The Supreme Court has held that a stay and abeyance is only appropriate when three requirements are met: (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

Agee has not requested a stay. Nor does he identify "good cause" for failure to exhaust. As noted earlier, his *pro se* status, ignorance of the law, and limited access to law library do not

4

constitute good cause. Moreover, the unexhausted claims are plainly meritless. Agee primarily argues there was insufficient evidence to convict him of aggravated assault. When reviewing a sufficiency of evidence claim on collateral review, "[t]he applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v Farmer*, 443 U.S. 307, 324 (1979). Here, two eyewitnesses, including the victim, testified that Agee fired a gun at the victim and that a bullet struck the victim in the foot. The shooting resulted in an injury that required medical treatment. Based on this evidence, the undersigned finds that any rational trier of fact could have found Agee guilty beyond a reasonable doubt.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [10] Motion to Dismiss be GRANTED and that Justin D. Agee's petition for writ of habeas corpus be dismissed without prejudice based on his failure to exhaust state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to

the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED AND ADJUDGED, this the 22nd day of January 2026.

                                                /s/ *Robert P. Myers, Jr.*
                                                ROBERT P. MYERS, JR.
                                                UNITED STATES MAGISTRATE JUDGE